(3 Misc. Rep. 413.)

ROOME et al. v. JENNINGS et al.

(Superior Court of New York City, General Term. May 1, 1893.)

1. NOMINAL DAMAGES—RESCISSION OF CONTRACT.
　　A complaint alleged that defendants, who had been employed by plaintiffs as brokers for the sale of teas, induced plaintiffs to enter into an executory contract of sale by fraudulent representations that they had procured a purchaser; that plaintiffs, on subsequently discovering that defendants had in fact made the purchase for themselves, rescinded the contract, and refused to deliver the teas; and that, after entering into the executory contract of sale, the market value of teas had greatly depreciated. *Held* that, while plaintiffs were justified in rescinding the contract, yet, where the depreciation had taken place at the time of the rescission, and defendants were ready, willing, and presumably able to pay the contract price, plaintiffs had but a technical cause of action, and were entitled to only nominal damages.

2. SAME—COSTS—JUDGMENT.
　　Where the facts alleged in a complaint demanding judgment for a sum of money only show that plaintiff is entitled merely to nominal damages, defendant is entitled to costs, under Code Civil Proc. § 3228, subd. 4, and § 3229, providing that a defendant in such an action is entitled to

costs unless plaintiff recovers $50 or more; and the court properly entered judgment in defendants' favor for the costs, less the sum awarded as nominal damages, under section 1222, which directs the court to enter final judgment on an issue of law, where no issue of fact remains to be tried.

Appeal from trial term.

Action by William P. Roome and others against Frederick C. Jennings and another to recover $7,500. Defendants' demurrer to the complaint was overruled, and judgment was entered for six cents damages for plaintiffs, and the costs were awarded to defendants. Plaintiffs appeal. Affirmed.

For former reports, see 19 N. Y. Supp. 825; 20 N. Y. Supp. 614; 21 N. Y. Supp. 938; 22 N. Y. Supp. 1131.

The complaint, omitting formal allegation, is substantially as follows:

"Third. That on or about the 2d day of February, 1891, the plaintiffs were the owners of 3,876 half chests of Congo teas, containing in all 230,814 pounds, of the value of thirty-one thousand one hundred and sixty-nine and 89-100 dollars; and that on or about said day the defendants, who were employed by the plaintiffs as brokers to sell said tea, for the purpose of getting control and possession of the same, falsely and fraudulently represented and stated to the plaintiffs that they had obtained a purchaser therefor, whose name they did not disclose, and by whom they were authorized to enter into a contract for the purchase of said tea; and that the said defendants, in violation of their duties as brokers for the plaintiffs, and of the trust and confidence reposed by the plaintiffs in them, and as part and parcel of their said scheme to obtain possession and control of said teas, and to induce the plaintiffs to enter into a contract for the sale of the same to the principal whom they stated they had procured, falsely and fraudulently stated to the plaintiffs that they (the defendants) were not interested as principals (meaning, thereby, as purchasers) in the purchase of said teas, nor in any other manner than as brokers, well knowing the said statements and representations to be false and untrue; and that the plaintiffs, believing the said statements so made by the defendants, as aforesaid, that they had procured a purchaser for said teas, and that they (the defendants) were not interested as principals (meaning, thereby, purchasers) in the purchase of said teas, and believing that the defendants were authorized to enter into a contract for the purchase of said teas in behalf of the principals, whom they stated they had procured, and relying upon said statements and representations, and believing the same to be true, were induced to and did enter into a contract for the sale and delivery of said teas to the principal represented by said defendants; and that the said defendants, as such brokers, executed bought and sold notes of said contract, and delivered one of same to the plaintiffs in this action, which was accepted by them. * * * Fourth. That thereafter, and on or about the 17th day of February, 1891, the plaintiffs, being then ready to deliver said teas to the purchasers thereof, requested of the defendants the names of said purchasers, whereupon said defendants notified the plaintiffs that they (the said defendants) were the principals (meaning, thereby, purchasers) in said contract, * * * and demanded the delivery of said teas to them. Fifth. That the plaintiffs, immediately upon learning that the defendants were interested as purchasers in the said contract for the sale of said teas, and that they had not procured a purchaser for the same, and that they had not been duly authorized by any person to enter into said contract for the purchase thereof from the plaintiffs, and to execute said bought and sold notes thereof, refused to be bound by said contract, and rescinded the same, and refused to deliver the said teas to the said defendants. Sixth. Plaintiffs further allege that on said second day of February, 1891, the 3,876 half chests of Congo tea, containing 230,814 pounds, were worth the sum of 13½ cents per pound in the market, and that

thereafter the market value of said teas declined, and the said teas depreciated greatly in value; and that by reason of all the premises the plaintiffs have sustained damage in the sum of seven thousand five hundred dollars."

Argued before SEDGWICK, C. J., and FREEDMAN, J.

F. A. Thomson, for appellants.
Putney & Bishop, for respondents.

FREEDMAN, J. The complaint does not state a cause of action for fraud or deceit, for fraud or deceit without damage is not actionable. The damages sought to be recovered are shown to have resulted, not from the fraud or deceit by means of which the plaintiffs were induced to enter into the executory contract of sale, but from their own refusal to carry out the said contract and their rescission of it. They were justified in such refusal and rescission. It appears, however, that, if they had not so refused and rescinded, no damage would have been sustained, for the fall in the market price had then already taken place, and the defendants were ready and willing, and presumably able, to pay the contract price. The plaintiffs, by thus making an election which they had an undoubted right to make, brought about their own loss. The learned judge below was therefore correct in holding that, upon the facts set out in the complaint, the plaintiffs have but a technical cause of action, which is for the breach of the duty that the defendants as brokers owed to the plaintiffs, and that in this action, as it is set forth, the plaintiffs are entitled to nominal damages only. The demurrer to the complaint having been overruled, and the damages on the facts stated in the complaint being, as matter of law, nominal, the court could proceed at once to award the damages; and the defendants' right to costs in such a case being statutory, under section 3229 of the Code,[1] the judgment was properly entered under sections 1021 and 1222 of the Code.[2] If the plaintiffs can

[1] Code Civil Proc. §§ 3228, 3229, provide as follows: "Sec. 3228. The plaintiff is entitled to costs, of course, upon the rendering of a final judgment in his favor, in either of the following actions: * * * Subd. 4. An action, other than one of those specified in the foregoing subdivisions of this section, in which the complaint demands judgment for a sum of money only. But the plaintiff is not entitled to costs, under this subdivision, unless he recovers the sum of fifty dollars, or more. Sec. 3229. The defendant is entitled to costs, of course, upon the rendering of a final judgment, in an action specified in the last section, unless the plaintiff is entitled to costs, as therein prescribed."

[2] Code Civil Proc. § 1021, reads as follows: "The decision of the court, or the report of a referee, upon the trial of a demurrer, must direct the final or interlocutory judgment to be entered thereupon. Where it directs an interlocutory judgment, with leave to the party in fault to plead anew or amend, or permitting the action to be divided into two or more actions, and no other issue remains to be disposed of, it may also direct the final judgment to be entered if the party in fault fails to comply with any of the directions given or terms imposed." Section 1222 reads as follows: "Final judgment upon an issue of law, where no issue of fact remains to be tried, and final judgment has not been directed as prescribed in section ten hundred and twenty-one of this act, may be entered upon application to the court or by the clerk."

show a different state of facts, and desire so to do, their remedy is by motion for leave to amend their complaint.

The judgment should be affirmed, with costs.